1  LARA C. DE LEON, SBN 270252
   lara.deleon@ogletree.com
2  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
3  Park Tower, Fifteenth Floor
4  695 Town Center Drive
   Costa Mesa, CA  92626
5  Telephone:    714.800.7900
   Facsimile:    714.754.1298
6
7  PAUL M. SMITH, SBN 306644
   paul.smith@ogletree.com
8  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
9  Esquire Plaza
   1215 K Street 17th Floor
10 Sacramento, CA  95814
   Telephone:    916.840.3150
11 Facsimile:    916.840.3159
12
   Attorneys for Defendant
13 VICTORY PACKAGING, L.P., dba
   GOLDEN STATE CONTAINER
14

15                    **UNITED STATES DISTRICT COURT**

16                    **EASTERN DISTRICT OF CALIFORNIA**

17 | VINCE BUNIO                          | Case No.:
18 |         Plaintiff,                   | **DEFENDANT VICTORY PACKAGING, L.P.'S NOTICE OF REMOVAL**
19 |   v.                                 | **[Diversity Jurisdiction]**
20 | VICTORY PACKAGING, L.P., dba
21 | GOLDEN STATE CONTAINER; and DOES 1 through 50, inclusive
   |                                      | Complaint Filed:  January 30, 2018
22 |         Defendants.                  | Trial Date:       None Set
23

24      **TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT**

25 **OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

26      PLEASE TAKE NOTICE that Defendant VICTORY PACKAGING, L.P., dba GOLDEN

27 STATE CONTAINER ("Defendant"), hereby removes this action from the Superior Court of the

28 State of California for the County of Sacramento ("Sacramento County Superior Court") to the

---

1                                                                              Case No.
DEFENDANT VICTORY PACKAGING, L.P.'S NOTICE OF REMOVAL


United States District Court for the Eastern District of California (the "Eastern District of California"). This Notice of Removal is made pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446 on the following grounds: complete diversity exists between the parties, Plaintiff Vince Bunio ("Plaintiff"), a citizen of the State of California, and Defendant Victory Packaging, L.P., a citizen of the States of Illinois and Delaware; the amount in controversy exceeds the $75,000 jurisdictional minimum required for removal; and the foregoing facts were true at the time Plaintiff's Complaint was filed and remain true as of the date of the filing of this Notice of Removal. Accordingly, Removal is proper, as set forth more fully below:

## I.

## THE STATE COURT ACTION

1. On or about January 30, 2018, Plaintiff filed a Complaint against Defendant in the Sacramento County Superior Court, Case No. 34-2018-00226351, alleging three distinct causes of action: (1) Age Discrimination in Violation of the California Fair Employment and Housing Act ("FEHA"); (2) Wrongful Termination in Violation of Public Policy; and (3) Failure to Prevent Discrimination in Violation of the FEHA. A true and correct copy of the Summons and Complaint are attached collectively hereto as **Exhibit A**.

2. On or about March 13, 2018, along with the Summons and Complaint, Plaintiff personally served Defendant through its registered agent for service of process the following documents: (1) Civil Case Cover Sheet (2) Notice of Case Management Conference, and (3) Alternative Dispute Resolution (ADR) Information Packet. True and correct copies of the foregoing documents are attached hereto as "**Exhibits B – D**," respectively.

3. On or around April 11, 2018, Defendant timely filed and served its Answer to Plaintiff's Complaint in the Sacramento County Superior Court action. A true and correct copy of Defendant's Answer is attached hereto as "**Exhibit E.**"

4. Other than the foregoing pleadings, Defendant is unaware of the existence of any other documents on file with the Sacramento County Superior Court in this action.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of this Notice of Removal to Plaintiff and to the Clerk of the Sacramento County Superior Court.

## II.

## **REMOVAL IS TIMELY**

6. A defendant to a civil action has thirty (30) days from the date upon which it is first validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b). Alternatively, a defendant may also remove a civil action within thirty (30) days of receipt of a copy of an amended pleading, motion, order, or other paper, from which it may first be ascertained that the case is one which is, or has become, removable. *Id.*; *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

7. Defendant was personally served with Plaintiff's Complaint on its registered agent for service of process on March 13, 2018. This Notice of Removal is therefore timely because it is executed and filed within thirty (30) days of Defendant's receipt of the Summons and Complaint.

## III.

## **COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES**

8. This Court has original jurisdiction over the above-described action pursuant to the provisions of 28 U.S.C. § 1332 (diversity of citizenship). This action may therefore be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 governing removal jurisdiction.

9. A federal court possesses original and removal jurisdiction over any action wherein (1) the parties are citizens of different states (i.e., they are completely diverse) and the sum amount in controversy exceeds $75,000 in the aggregate, exclusive of interest and costs.

10. **Plaintiff is a Citizen of the State of California:** For diversity purposes, an individual's citizenship is determined by his domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Furthermore, residence is *prima facie* evidence of domicile. *State Farm Mut. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Plaintiff alleges that he is and was at all times relevant to this

///

action, an individual employed in Sacramento County, California. Complaint, ¶ 1. Therefore, Plaintiff is a citizen of the State of California.

11. **Defendant is a Citizen of the States of Illinois and Delaware:** On March 20, 2002, Victory Packaging, Inc. was converted from a Texas Corporation to a Texas Limited Partnership. Victory Packaging, L.P. was then purchased by and became a wholly owned subsidiary of KapStone Paper and Packaging in 2015. (Declaration of Richard E. Bruns ("Bruns Decl.") ¶ 4.) A limited partnership's citizenship is determined by the citizenship of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *Johnson v. Columbia Properties Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Victory Packaging, L.P. has two partners: KapStone Charleston Kraft, LLC, the general partner, and KapStone Kraft Paper Corporation, the limited partner. (Bruns Decl. ¶ 4.) As a limited liability company, KapStone Charleston Kraft, LLC's citizenship is determined by the citizenship of each of its members. *Johnson, supra,* 437 F.3d at 899 (for purposes of diversity, a limited liability company "is a citizen of every state of which its owners/members are citizens.") The sole member of KapStone Charleston Kraft, LLC is KapStone Kraft Paper Corporation. KapStone Kraft Paper Corporation is incorporated in Delaware and maintains its principal place of business (i.e., its headquarters) in Illinois. (Bruns Decl. ¶ 4.) Accordingly, for diversity purposes, Defendant Victory Packaging, L.P., is a citizen of the states of Illinois and Delaware.

12. **The Citizenship of Doe Defendants is Irrelevant:** For purposes of removal, "…the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in a state court action has no impact on removability to federal court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (holding that only the named defendants' citizenship need be considered for removal). The presence of Doe defendants in the present action is thus irrelevant and need not be considered for removal.

///
///
///

## IV.

## **THE AMOUNT IN CONTROVERSY EASILY EXCEEDS $75,000**

13. Without admitting liability as to any and/or all of Plaintiff's claims for relief, Plaintiff's Complaint and the facts set forth below easily establish that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)-(B) (recognizing that the amount in controversy may be established by facts pled in the Notice of Removal).

14. This Court may also consider the pleadings for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

15. When making this determination, the Court must consider the aggregate of *all* recoverable damages, including general, special, and punitive damages, emotional distress damages, and attorneys' fees, where appropriate. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (finding that claims for statutory attorneys' fees must be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory under the statute); *Davenport v. Mutual Ben. Health Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (holding that punitive damages must be considered in amount in controversy determination if recoverable under state law).

16. In the present action, Plaintiff's failure to allege a damages amount as to each claim for relief does not deprive this Court of jurisdiction. *White v. J.C. Penny Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) ("The defendant may remove suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy… otherwise… any plaintiff could avoid removal simply by declining… to place a specific dollar value upon its claim.").

17. Rather, removal remains proper if it can be shown from the allegations of the Complaint and Defendant's Notice of Removal that it is "more likely than not" that Plaintiff's claims exceed $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (establishing the "more likely than not" standard); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115,

///

1117 (9th Cir. 2004) (recognizing that federal courts may consider facts presented in the notice of removal for purposes of establishing the amount in controversy).

18. Plaintiff seeks general, special, and punitive damages, an award for emotional distress, and attorneys' fees in the present action. Complaint ¶¶ 31, 32, 33, 34, 48, 49, 50, 51, 56, 57, 58, 59, Prayer for Relief ¶¶ 1-3.

19. At the time of Plaintiff's discharge, on or around March 2016, Plaintiff earned a base salary of approximately $70,000 per year. (Bruns Decl. ¶ 6.) After training, Plaintiff anticipated receiving commissions in the neighborhood of $400,000 per year. (Complaint ¶ 9.) It has now been more than two years since Plaintiff was discharged. Assuming that Plaintiff remained on a flat salary instead of moving to commission payments, a potential award for backpay would approach $140,000. Factoring in potential commission payments adds several hundred thousand dollars as well.

20. Assuming this case could somehow be resolved at trial within two years from the date of filing (an extremely optimistic estimate given the Court's median time from filing to trial (39.8 months as of December 2017 – http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2017-12-31-1).), Plaintiff's alleged damages could approach $300,000 even without considering potential commission payments. This number far exceeds this Court's requisite amount in controversy without even considering Plaintiff's claims for punitive damages and attorneys' fees, each of which are properly considered for removal. *Galt G/S v. JSS Scandinavia, supra,* 142 F.3d at 1156; Cal. Gov. Code § 12965(b) (granting the court discretion in authorizing an award of attorneys' fees in matters brought under the FEHA). If granted, these secondary theories of recovery would likely exceed the Court's $75,000 jurisdictional threshold on their own as well.

21. When considering the above potential awards for economic and punitive damages, along with anticipated attorneys' fees leading up to and through trial, it is clear that the amount in controversy will "more likely than not" exceed the $75,000 minimum needed for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co., supra,* 95 F.3d at 860 (9th Cir. 1996). In fact, it becomes a near certainty.

22. As demonstrated above, several separate and/or cumulative bases exist to establish that the damages sought by Plaintiff in this matter exceed the Court's jurisdictional minimum. Accordingly, because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, removal is proper.

## V.

## **VENUE IS PROPER IN THIS COURT**

23. Pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and 84(c), venue over this matter lies in the Eastern District of California. This action was originally brought by Plaintiff in the Sacramento County Superior Court, which resides within the boundaries of the Eastern District of California. Thus, venue is proper here because the Eastern District of California is the "district embracing the place where the [state court] action is pending." 28 U.S.C. § 114(a).

## VI.

## **NOTICE OF REMOVAL**

24. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly delivered to Plaintiff and his attorney of record, and filed with the Clerk of the Sacramento County Superior Court.

25. This Notice of Removal will also be served on counsel for Plaintiff, and a copy of the Proof of Service regarding the same will be filed with this Court shortly after filing and service.

26. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all processes, pleadings and orders filed and/or served in this action are attached hereto as **Exhibits A through E**.

## VII.

## **CONCLUSION**

27. As established above, this civil action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. Accordingly, Defendant respectfully requests this Court exercise its removal jurisdiction over this action.

///

28. Should this Court have any questions regarding the propriety of or the bases for this Notice of Removal, Defendant respectfully requests that this Court issue an Order to Show Cause so that it may have an opportunity to more fully brief the Court on the bases for this removal.

DATED: April 12, 2018

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: *Paul M. Smith*
Paul M. Smith
Lara C. de Leon
Attorneys for Defendant
VICTORY PACKAGING, L.P., dba
GOLDEN STATE CONTAINER