UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE BUNIO, | No. 2:18-cv-897-KJM-EFB PS |
| Plaintiff, | |
| v. | ORDER MODIFYING THE INITIAL PRETRIAL SCHEDULING ORDER |
| VICTORY PACKAGING, L.P., | |
| Defendant. | |

Plaintiff moves to modify the court's scheduling order to extend all deadlines by at least four months. ECF No. 19. Defendant opposes the motion. ECF No. 20. For the following reasons, plaintiff's motion is granted.

In June 2019, the court approved plaintiff's proposed substitution of attorney, which substituted plaintiff *in propria persona* in place of attorney Rachel Renno.[1] ECF No. 15. The following month plaintiff moved to modify the court's scheduling order, requesting that all deadlines be extended by six months. ECF No. 17. Plaintiff explained that he was seeking to obtain new counsel, and that at least one law firm informed him that it would not be willing to represent him unless the deadlines were extended. In light of that representation, plaintiff's motion was granted in part and all deadlines, with the exception of the deadline for dispositive

---

[1] The case was then referred to the undersigned pursuant to Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

motions, was extended by approximately 60 days. ECF No. 18. Plaintiff was also notified that should he obtain new counsel, the court would be willing to further modify the scheduling order upon a showing of good cause. *Id*. at 2 n.2.

Plaintiff now requests the scheduling order be further modified to extend all deadlines by at least four months. ECF No. 19. He states that he has contacted nearly 20 attorneys but has been unsuccessful in obtaining representation. *Id*. at 7-9. He further states that three different attorneys informed him that the prior two-month extension of the deadlines was not adequate, and that one of those attorneys stated that she would need at least a four-month extension of discovery deadline before she would be willing to represent plaintiff.

Federal Rule of Civil Procedure 16(b) provides that a scheduling order "may be modified for good cause and with the judge's consent." The Ninth Circuit has explained that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (some quotations omitted). Although the degree of prejudice to the opposing party may be considered as an additional basis for denying a motion to modify a scheduling order, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id*. (citation omitted).

Plaintiff's motion indicates that he has continued to seek new counsel, although his efforts have remained unsuccessful. But if plaintiff cannot find an attorney willing to take on his case he must at some point make diligent efforts to proceed on his own. In addition to requesting additional time to obtain new counsel, plaintiff also states that he still needs to conduct depositions. ECF No. 19 at 5. Given that plaintiff is proceeding *in propria persona*, as well as his assertion that he still needs to conduct additional discovery, the court grants his request. However, plaintiff is admonished that his motion is being granted to permit him to complete discovery and not to let the case sit idle while he searches for new counsel. While he may certainly continue to seek representation, he must proceed with litigating his case. The court is not inclined to further modify the scheduling order based on a failure to obtain new counsel.

Accordingly, it is hereby ORDERED that plaintiff's motion to modify the scheduling order (ECF No. 19) is granted, and the August 23, 2018 scheduling order is modified as followed:

1. The deadline for completion of non-expert discovery is continued to February 21, 2020.

2. The deadline to designate expert witnesses is continued to April 3, 2020. The deadline to designate rebuttal expert witnesses is continued to April 17, 2020.

3. The deadline for completion of expert discovery is continued to May 15, 2020.

4. The deadline to hear dispositive motions is continued to June 24, 2020.

DATED: October 31, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE