UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCE BUNIO, | No. 2:18-cv-897-KJM-EFB PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| VICTORY PACKAGING, L.P., | |
| Defendant. | |

This case was before the court on February 5, 2020, for hearing on defendant Victory Packaging, L.P.'s motion for summary judgment or, in the alternative, partial summary judgment (ECF No. 22) and plaintiff's motion under Federal Rule of Civil Procedure ("Rule") 56(d) to defer consideration of defendant's motion (ECF No. 24).[1] Attorneys Lara de Leon and Paul Smith appeared on behalf of defendant; plaintiff appeared pro se.

At the hearing, the court granted plaintiff's Rule 56(d) request to postpone resolution of the summary judgment motion and provided him until February 21, 2020 to obtain evidence from third-party Michael Michelucci and to file a brief addressing how any obtained evidence defeats defendant's motion for summary judgment. *See* ECF No. 30. Plaintiff has since submitted a

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

letter explaining that he was not able to obtain any additional evidence.[2]  Plaintiff does not seek additional time to conduct discovery, and defendant's motion for summary judgment is now ready for decision.  For the reasons provided below, it is recommended defendant's motion be granted.

I.     Background

  According to the complaint, plaintiff began working as a sales representative for defendant in December 2014.  Compl. (ECF No. 1-2) ¶ 7.  At that time, plaintiff was 60 years old. *Id*.  During the interview process, management allegedly asked plaintiff how many more years he intended to work before retiring.  *Id*. ¶ 8.  Plaintiff explained that he intended to work for at least another 15 years and hoped to make at least $400,000 a year in commissions, which management stated he would be able to achieve with the company's training and support.  *Id*. ¶¶ 8, 9.

  Plaintiff claims, however, that after he commenced his employment, he was assigned only three items to sell—tape, corrugated products, and packing film—and did not receive proper training and support.  *Id*. ¶¶ 10-11.  Instead, defendant allegedly implemented a policy devoting all training and support to employees referred to as "Titans"—which are individuals in their mid-twenties with college degrees and, preferably, a background in sports.  *Id*. ¶¶ 12-13.  The policy allegedly was part of defendant's Chief Operating Officer's plan to cease hiring "old" sales representatives and instead grow the sales division with "Titans."  *Id*. ¶ 13.

  On March 1, 2016, plaintiff's employment was terminated purportedly due to poor performance and productivity.  *Id*. ¶¶ 16, 27.  Plaintiff claims that his performance and productivity were artificially deflated due to defendant's decision to focus training efforts on the younger "Titans," while failing to provide him and other older individuals similar training and support.  *Id*. ¶¶ 27-28-29.  Accordingly, he claims that his termination was motivated, at least in part, by his age.  *Id*. ¶ 16.

---

[2]  In the letter's final paragraph, plaintiff states that he does not have the resources or legal knowledge to pursue this action to trial.  He also refers to his letter as a "withdrawal letter."  Plaintiff, however, has not moved to voluntarily dismiss this matter, nor have the parties' filed a stipulation for voluntary dismissal.  *See* Fed. R. Civ. P. 41(a) (once a motion for summary judgment has been filed, an action may be voluntarily dismissed only stipulation of dismissal signed by all appearing parties or leave of court)

The complaint alleges three state law claims: (1) age discrimination in violation of California Fair Employment and Housing Act; (2) wrongful termination in violation of public policy; and (3) failure to prevent discrimination in violation of California Government Code § 12940(k).[3] *Id*. at 7-13.

II.     Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford–El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471–72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

---

[3] This action, which was originally filed in the Sacramento County Superior Court, was removed to this court based on diversity jurisdiction. ECF No. 1.

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on

the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted); *Celotex*, 477 U.S. at 323 (if the evidence presented and any reasonable inferences that might be drawn from it could not support a judgment in favor of the opposing party, there is no genuine issue). Thus, Rule 56 serves to screen cases lacking any genuine dispute over an issue that is determinative of the outcome of the case.

III.   Discussion

   A.   FEHA

Plaintiff first claims that he was terminated because of his age in violation of the FEHA. ECF No. 1-2 at 7-9. Under the California FEHA, employers are prohibited from discharging employees based on their age. *Merrick v. Hilton Worldwide, Inc.*, 867 F.3d 1139, 1145 (9th Cir. 2017). In assessing age discrimination claims under the FEHA, California courts have adopted the three-part burden shifting test articulated by the United States Supreme Court in *McDonnell*

5

1   *Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 354

2   (2000). Under that test, the initial burden is on the plaintiff to establish a prima facie case of age

3   discrimination. *Merrick*, 867 F.3d at 1145. *Id*. If that showing is made, the burden then shifts to

4   the employer to articulate a legitimate, non-discriminatory reason for its decision. *Id*. at 1145-46.

5   Once the employer does so, the plaintiff bears the burden of proving that the articulated reason

6   was merely pretext for a discriminatory motive. *Id*. at 1146.

   1.   <u>Prime Facie Case</u>

8   To establish a prime facie case of age discrimination under the FEHA, plaintiff must

9   submit evidence establishing "he was (1) at least forty years old, (2) performing his job

10  satisfactorily, (3) discharged, and (4) either replaced by substantially younger employees with

11  equal or inferior qualifications or discharged under circumstances otherwise giving rise to an

12  inference of discrimination." *Id*. at 1146; *see Schechner v. KPIX–TV*, 686 F.3d 1018, 1023 (9th

13  Cir. 2012); *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).

14  Here, plaintiff has submitted no evidence in opposition to defendant's motion. Although

15  plaintiff is not required to produce direct evidence of discrimination, at a minimum he must

16  produce some evidence from which a jury could reasonably infer that discriminatory animus

17  motivated its actions. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889-90 (9th Cir. 1994). Because

18  he has failed to make that showing, defendant is entitled to summary judgment on plaintiff's

19  FEHA claim.

   2.   <u>Legitimate, Non-Discriminatory Reason</u>

21  Further, even assuming a prime facie case defendant has submitted evidence

22  demonstrating that plaintiff's employment was terminated for legitimate, non-discriminatory

23  reasons. Specifically, defendant's evidence reflects that plaintiff's employment was terminated as

24  part of a reduction-in-workforce, under which plaintiff was selected for termination due to poor

25  performance.

26  Defendant's evidence reflects that plaintiff began working as a Local Sales Representative

27  ("LSR") at defendant's Tracy, California branch in December 2014. Decl. of Justyn Pak (ECF

28  No. 22-5) ¶¶ 2-3; Declaration of Holly Flaniken (ECF No. 22-14) ¶ 4. He was initially offered a

1    base salary with the expectation that after he generated enough sales, his compensation would
2    transition to being based solely of commissions from his sales.  ECF No. 22-5 ¶ 3.  But only two
3    months after commencing his employment, management recommended dismissing plaintiff due
4    to poor work performance.   Decl. of Justyn Pak (ECF No. 22-5) ¶ 16, Ex. C.  Defendant declined
5    to terminate plaintiff's position at that time, instead deciding to give him given additional time to
6    improve his performance.  *Id*. ¶ 17.

7    In February 2016, defendant began to implement a nationwide reduction-in-workforce
8    ("RIF").  As part of the RIF, 36 employees, including 12 LSRs, were let go.  ECF No. 22-14 ¶ 12,
9    Ex. J.  Three of the four LSRs at the Tracy branch, including plaintiff, were terminated.  *Id*. ¶¶ 4.
10   Plaintiff was specifically selected for as part of the layoffs because he had not generated sufficient
11   sales to cover his salary despite working for defendant for more than a year.  ECF No. 22-5 ¶ 34.
12   Management also concluded that his performance had not suggested he would be able to generate
13   greater sales in the future.  *Id*.

14   This evidence is sufficient to show that defendant terminated plaintiff's employment for a
15   legitimate, non-discriminatory reason.  See *Merrick*, 864 F.3d at 1146 ("When an employer
16   discharges an employee during a RIF, it must give an individualized reason for laying off that
17   employee.").  Plaintiff has not refuted defendant's evidence and has not provided the court
18   evidence upon which a reasonable jury could find for plaintiff.  Accordingly, defendant is entitled
19   to summary judgment on plaintiff's FEHA claim.

20            B.     <u>Wrongful Termination Claim</u>

21   The complaint's second claim alleges plaintiff's employment was wrongfully terminated
22   in violation of public policy.  ECF No. 1-2 at 12-12.

23   Under California law, an employee may maintain a cause of action against her employer
24   where the employer's discharge of the employee contravenes fundamental public policy.  *Foley v.*
25   *Interactive Data Corp.*, 47 Cal. 3d 654, 666 (1988).  To sustain a wrongful termination claim in
26   violation of public policy, plaintiff must establish that the dismissal violated a policy that is: (1)
27   fundamental; (2) beneficial for the public; and (3) embodied in a statute or constitutional
28   /////

7

provision. *Wynes v. Kaiser Permanente Hosps.*, 2011 WL 1302916, at *9 (E.D. Cal. Mar. 31, 2011) (citing *Colores v. Bd. of Trustees*, 105 Cal. App. 4th 1293, 1307 (2003)).

As discussed above, plaintiff has not submitted any evidence in opposition to defendant's motion. Accordingly, he fails to meet his burden of showing that there is genuine dispute as to whether he was wrongfully terminated.

### C. Violation of California Government Code § 12940(k)

Plaintiff's last claim alleges defendant failed to prevent discrimination in violation of California Government Code § 12940(k). ECF No. 1-2 at 12-13.

Section 12940(k) makes it unlawful "[f]or an employer . . . to fail to take all reasonable steps to prevent discrimination." Cal. Gov't Code § 12940(k). To succeed on a claim for violation of § 12940(k), a plaintiff must establish that 1) he "was subjected to discrimination, harassment or retaliation; 2) defendant failed to take all reasonable steps to prevent discrimination, harassment or retaliation; and 3) this failure caused plaintiff injury, damage, loss or harm." *Alejandro v. ST Micro Elecs.*, 129 F. Supp. 3d 898, 913 (N.D. Cal. 2015) (quoting *Lelaind v. City & Cty. Of S.F.*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008)). Because plaintiff has not submitted any evidence, let alone evidence upon which a reasonable jury could render a verdict in his favor, he cannot defeat summary judgment on this claim.

## IV. Conclusion

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion for summary judgment (ECF No. 22) be granted; and

2. The clerk be directed to enter judgment in defendant's favor and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////

/////

8

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 1, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE